CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/19/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JERMEL COLEMAN, <br> *Defendant.* | CASE NO. 3:17-CR-00008 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This case is before the Court on Defendant's motions to dismiss Count One, to sever Count One from Count Two, and for a bill of particulars. (Dkts. 46, 47, 49). The superseding indictment in this case charged Defendant, in Count One, with conspiring to distribute cocaine hydrochloride and crack from 2009 until April 20, 2017. (Dkt. 34). Count Two charged Defendant with possessing cocaine hydrochloride with the intent to distribute on April 20, 2017. (Dkt. 34). For the reasons given below, the motions to dismiss and to sever will be denied; the motion for a bill of particulars will be granted in part and denied in part.

### I.  MOTION TO DISMISS COUNT ONE

In Defendant's motion to dismiss Count One, (dkt. 47), Defendant does not appear to challenge the facial validity of the indictment or argue there were any constitutional violations with the grand jury.[1] *See* dkt. 47; *c.f. Campbell v. Louisiana*, 523 U.S. 392, 394 (1998) (allowing a defendant to attack an indictment when there was evidence of an equal protection violation in

---

[1] Defendant purports to move to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(2). (Dkt. 47). This rule was amended in 2014, and the current version of Rule 12(b)(2) only pertains to motions questioning the Court's jurisdiction. *See* Fed. R. Crim. P. 12, *Advisory Committee Notes on 2014 Amendments*. Defendant's motion does not address the Court's jurisdiction, and instead appears to be pursuant to Rule 12(b)(1): "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." This language was included under Rule 12(b)(2) before the 2014 Amendments. Accordingly, the Court considers the motion as being made under Rule 12(b)(1).

the selection of the grand jury); *United States v. Black*, 133 F.3d 917 (4th Cir. 1997) (Table) ("We join our sister circuits in finding that a conspiracy indictment under 21 U.S.C. § 846 need not allege any overt acts or name unindicted co-conspirators; it is sufficient if the indictment alleges a conspiracy to distribute drugs, identifies the time period in which the conspiracy allegedly operated, and specifies the statute allegedly violated.").[2] Instead, each of Defendant's arguments raises different challenges to the sufficiency or admissibility of the evidence the Government would present at trial. (*See id*. at 3 ("Evidence that [Defendant] was involved in a conspiracy . . . is insufficient to sustain a conviction . . . ."); at 4 ("The alleged sale of drugs . . . does not establish grounds for a charge of conspiracy[.]"); and at 7 (arguing certain statements are inadmissible hearsay)).

But the longstanding rule in our criminal system is that "[a]n indictment returned by a legally constituted and unbiased grand jury . . . , if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). "The *Costello* holding prohibits courts from reviewing the substance of evidence which produces an indictment[.]" *United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993); *see also United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) ("A district court may dismiss an indictment under Rule 12 where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.");

---

[2] If Defendant is challenging the sufficiency of the indictment, such a challenge fails. The indictment is admittedly sparse, but it meets the standards set by the Fourth Circuit (in unpublished decisions) and sister circuits for alleged violations of 21 U.S.C. § 846. *Black*, 133 F.3d 917 (4th Cir. 1997) (collecting cases). The indictment alleged a conspiracy to distribute specific controlled substances (cocaine hydrochloride and crack), identified the time period in which the conspiracy allegedly operated (2009 through April 2017), stated the place of the offense (the Western District of Virginia), and specified the statute allegedly violated (21 U.S.C. § 841). This Court has held less specific indictments sufficient in the past. *See United States v. Mills*, No. 7:12-CR-00013, 2012 WL 12860950, at *1 (W.D. Va. Oct. 11, 2012), *aff'd*, 555 F. App'x 241 (4th Cir. 2014).

*United States v. Ilonia*, 125 F.3d 849 (4th Cir. 1997) (Table) ("An indictment returned by a legally constituted grand jury may not be challenged on the ground of inadequate or incompetent evidence[.]"). Defendant's arguments about whether specific pieces of the Government's evidence would be sufficient to sustain a conviction are misplaced; the Government has not yet been required to marshal its case in chief.

Of course, Defendant may later raise similar arguments about the sufficiency of the evidence to the jury or to the Court in a Rule 29 motion for acquittal. And Defendant is also entitled to argue about the admissibility of the various conversations mentioned in its motion to dismiss. But these arguments are premature at this point and are not the proper subjects of a Rule 12 motion to dismiss. Accordingly, Defendant's motion to dismiss Count One of the superseding indictment is denied.

## II. MOTION TO SEVER COUNTS ONE AND TWO

Defendant also moves to sever the conspiracy and possession counts. (Dkt. 46). The Court first examines whether the counts were appropriately joined, and then separately asks whether they should nonetheless be severed.

### A. Joinder

Federal Rule of Criminal Procedure 8(a) states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are [1] of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan.

The Fourth Circuit has "interpreted the latter two prongs of this rule flexibly, requiring that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). "Such a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.*

3

Three main factors counsel in favor of joinder. First, the Fourth Circuit frequently has found a logical relationship between similar counts and then found joinder of those counts appropriate. *See, e.g., United States v. Mouzone*, 687 F.3d 207, 219 (4th Cir. 2012) (affirming denial of motion to sever cocaine distribution and RICO conspiracy charges); *United States v. Riley*, 643 F. App'x 291, 294 (4th Cir.) (affirming denial of motion to sever conspiracy and possession with intent to distribute charges), *cert. denied*, 137 S. Ct. 257 (2016). Second, it is reasonable to infer a logical relationship between the two charges from the temporal overlap of the underlying conduct. The indictment reveals the alleged conspiracy continued until April 20, 2017, the same date Defendant is charged with possessing controlled substances that were the subject of the conspiracy charge. And third, the Government's allegations confirm the logical relationship between the offenses. The Government alleges the possession charge was based on "a valid traffic stop in which Defendant was found to be in possession of approximately 448 grams of cocaine, which the Government alleges Defendant intended to distribute in furtherance of the conspiracy." (Dkt. 50). This episode and the resulting arrest are further described in the affidavit that the Government submitted in support of its arrest warrant. (Dkt. 1-1).[3]

Defendant argues *United States v. McLean*, 166 F.3d 336 (4th Cir. 1998) (Table) counsels against joinder, but that case is not to the contrary. *McLean* did not address misjoinder or a motion to sever, but instead addressed whether the evidence presented at trial was sufficient to sustain a conviction for a conspiracy. The court's primary concerns centered on the length of the conspiracy alleged (twenty-six years) and the lack of evidence demonstrating a continuing

---

[3] The Court notes, as have other district courts in this circuit, "the Fourth Circuit has not conclusively resolved whether, in determining if offenses are properly joined under Rule 8(a), a district court may consider a proffer of evidence by the Government." *United States v. Luby*, No. 2:14CR25, 2015 WL 3452052, at *4 n.4 (E.D. Va. May 27, 2015) (citing *Cardwell*, 433 F.3d at 385 n.l). But because "the Fourth Circuit determines the propriety of joinder by considering the evidence as established at trial, in addition to the allegations in the indictment," this Court does consider the Government's allegations. *Id.*

conspiracy across that time span. *Id.* Here, alternatively, the alleged conspiracy was for a significantly shorter period of time (eight years). But most importantly, the Government is not yet required to put forward its evidence of the alleged conspiracy, and so it is premature to evaluate its case under the *McLean* framework. The Court finds the concerns raised in *McLean* are not implicated by the joinder of these counts.[4]

Accordingly, the Court finds the charges are properly joined. *See also United States v. Johnson*, 576 F. Supp. 2d 758, 765 (W.D. Va. 2008) ("Since the government claims that the two distribution counts are overt acts in furtherance of the conspiracy, the court finds that all three charges bear a logical relationship to each other and may be properly joined under Rule 8(a).").

**B. Severance**

"Even though the counts were properly joined, it does not automatically follow that they [should be] properly tried together." *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988). Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

But "[w]here offenses are properly joined under Rule 8(a), severance of the offenses is rare." *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012); *c.f. Zafiro v. United States*, 506 U.S. 534, 539 (1993) (considering severance after joinder under Rule 8(b)). Defendant bears the burden of demonstrating the prejudice forecasted by Rule 14(a). *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008).

Defendant has, in short, not carried that burden here. Defendant worries about the Court "[p]utting the conspiracy counts before the jury without first addressing the government's burden

---

[4] Likewise, Defendant's reliance on the civil pleading standard is inapposite here. (Dkt. 46 at 3 (citing *Twombly*)).

to in fact establish a conspiracy," and the jury then finding Defendant "guilty of conspiracy based upon misguided perceptions of criminal disposition . . . ." (Dkt. 46 at 5). This concern is largely speculative; the Court will of course instruct the jury about the Government's burden to prove the elements of both counts separately. *See Mir*, 525 F.3d at 357 ("Moreover, any prejudice resulting from a single trial on multiple counts can be cured by other, less restrictive means than severance."). Additionally, the evidence of the possession with intent to distribute would be admissible as an act in furtherance of the conspiracy. *See United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996) ("We agree with the other circuits that where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible."). The potential for prejudice here recedes to the point of imperceptibility. *Cole*, 857 F.2d at 974 ("[B]ecause much of the evidence of these crimes would have been admissible in separate trials, the interests of judicial economy were furthered by this joint trial.").[5]

Accordingly, Defendant's motion to sever will be denied.

### III. Motion for Bill of Particulars

Defendant also asks for a bill of particulars providing more information in response to four separate requests. (Dkt. 49). The Court notes, as a threshold matter, the motion will be

---

[5] Similar arguments are raised through Defendant's reliance on *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). But *Foutz* was specifically discussing cases where offenses were joined *solely* because they were of the "same or similar character." That situation does indeed raise concerns that a defendant might be convicted based on his character instead of his conduct. *See, e.g.,* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). But here Defendant's reliance on *Foutz* is misplaced because the offenses are not joined *solely* because they are of the "same or similar character." They are also joined, and in fact they are primarily joined, because they "are based on the same act or transaction, [and] are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. West*, 90 F. App'x 683, 689 (4th Cir. 2004) (distinguishing *Foutz* on this grounds). When joinder is appropriate for these other reasons, *Foutz* explicitly agreed with *Cole* that the potential for prejudice was lessened because "it is manifest that evidence of one offense would ordinarily be admissible at a separate trial for the other." 540 F.2d at 737.

6

denied in whole with respect to the possession count. This is because the indictment and the affidavit accompanying the arrest warrant, which Defendant cites in his briefing, provide sufficient information concerning that count. The question concerning the conspiracy count is more complicated, and so the Court addresses the motion below as it pertains to that count.

"[T]he function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial but to supply any essential detail which may have been omitted from the indictment." *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (citation omitted), *aff'd*, 417 U.S. 211 (1974); *see also* Fed. R. Crim. P. 7(f). Accordingly, "[a] bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise." *United States v. Leahy*, 598 F. App'x 210, 212 (4th Cir. 2015). "When deciding whether a requested a bill meets this standard, courts may consider the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendants." 1 Charles Wright & Arthur Miller, Fed. Prac. & Proc. Crim. § 130 (4th ed.).

Here, Defendant's motion must be framed by two important facts that pull in opposite direction. The indictment does not provide much detail about the conduct that is a part of the eight year conspiracy charge—this militates in favor of an order to provide the bill. However, the Government has provided extensive discovery to Defendant—this cuts against an order to provide the bill. With that context, the Court addresses each of Defendant's requests individually.

Defendant's first request asks for:

Information as to any and all acts in which Mr. Coleman allegedly did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to knowingly and intentionally distribute and possess with intent to distribute a mix and substance containing more than 500 grams of

7

cocaine hydrochloride, and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack," in violation of Title 21 U.S.C. Sections 841 (a)(1), (b)(1)(A), (b)(1)(B) and Section 846.

(Dkt. 49 at 2). The Government need not provide all "information as to any and all acts in which [Defendant] allegedly" conspired to distribute the controlled substances. *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("[T]here is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy."). Doing so would require the sort of detailed disclosure of evidence not anticipated in bills of particulars. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) ("A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial.").

However, the Court is concerned the length of the conspiracy and brevity of the indictment may prevent Defendant from comprehending the charges against him, and accordingly lead to some surprise at trial. *Leahy*, 598 F. App'x at 212. The extensive discovery provided does not completely ameliorate these concerns; the quantum of information provided may actually make it more difficult for Defendant to understand which parts of the last eight years of his life are actually at issue here. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged."); *United States v. Modi*, 197 F. Supp. 2d 525, 530 (W.D. Va. 2002) ("I recognize, as argued by the defendants, that the volume of discovery in a complex case may itself impede rather than assist the defense in its understanding of the government's case."). Accordingly, the Court will direct the Government to file a bill of particulars summarizing the agreement or agreements

constituting the conspiracy charge. *See United States v. Burgos*, 94 F.3d 849, 860 (4th Cir. 1996) ("[C]onspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act").

"Summarize" is admittedly not the most detailed directive, and so the Court will use Defendant's remaining requests for particulars to mark out the scope of that order. Defendant's second request is for:

> Information underlying the government's assertion that Mr. Coleman's alleged conduct over the alleged eight year span of the alleged conspiracy was attributable to more than 500 grams of cocaine hydrochloride and 280 grams or more of "crack."

(Dkt. 49 at 2). This request for specific drug weights will be denied: it would require inquiry into the "detailed disclosure of the government's evidence in advance of trial" that the Fourth Circuit has cautioned against. *Anderson*, 481 F.2d at 690. While the Government's discovery likely does provide more information into drug weight, the Court will not require it to provide those weights in the bill.

Defendant's third request asks for:

> The names of all persons the government would claim at trial were coconspirators (whether or not they would be called as witnesses or that they are unindicted co-defendants in the conspiracy[ ).]

(Dkt. 49 at 2). This request will be granted in part and denied in part: the Court directs the Government to disclose the names of the co-conspirators the Government may use as witnesses. *See United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses."). The Government agrees it would have eventually been required to turn over this information, (dkt. 50 at 6), and the Court will not require the Government to comply with Defendant's broader request to disclose all potential members of the conspiracy.

9

*See United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars"). The disclosure of "the names of the co-conspirators the Government may use as witnesses" is in addition to, and not a limitation of, the above directive to "summariz[e] the agreement or agreements constituting the conspiracy charge."

    Finally, Defendant's fourth request asks for:

> The approximate date and locations of any meetings or conversations in which Mr. Coleman allegedly participated in furtherance of the conspiracy with his alleged co-conspirators, including but not limited to any and all documentation which tends to verify any meeting or interaction in which Mr. Coleman participated with his alleged co-conspirators[.]

(*Id.*). This request will also be granted in part and denied in part. As part of the above directive to "summariz[e] the agreement or agreements constituting the conspiracy charge," the Government is directed to provide the approximate beginning and end date of the relevant agreements. These dates need only provide the approximate month and year of the alleged agreement, a specific date is not required. *See United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006) ("Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required."). Additionally, the Government is directed to note the judicial districts where such agreements took place. *See United States v. Kumara*, No. 1:17CR82, 2017 WL 2334993, at *3 (E.D. Va. May 30, 2017) ("Previously, the Fourth Circuit has held that an indictment that merely charges the crime as having been committed within the federal district is sufficient." (citation and quotation marks omitted)). The Government need not provide specific locations, details of conversations or agreements, or any supporting documentation. *See United States v. Poe*, 81 F.3d 152 (4th Cir. 1996) (Table) ("Even though the indictment did not provide the exact time of day or the precise location on the naval

base that the offense occurred, it did provide sufficient notice to prepare a proper defense, and was of sufficient specificity to be used as proof to bar a subsequent prosecution for the same offense."). To repeat, the bill is not to serve discovery purposes; it is merely to identify "for the defendant the area within which the government's chief evidence will fall." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996).

The Court finds that a bill of particulars issued in accordance with this opinion will sufficiently allow Defendant to understand the charge against him and to prepare for trial. *See Automated Med. Labs., Inc.*, 770 F.2d at 405 (describing the purpose of a bill of particulars as "fairly appris[ing] the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial").

\*     \*     \*

An appropriate order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to the Government, Defendant, and all counsel of record.

Entered this <u>19th</u> day of March, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE