FILED IN OPEN COURT
DATE 3/8/19
_____
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 3:17CR0008 |
| | ) | |
| JERMEL ANTHONY COLEMAN | ) | |

## STATEMENT OF FACTS

The parties stipulate that the following facts are true and correct, and that, had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt. JERMEL ANTHONY COLEMAN admits that this statement of facts does not include all facts known to him regarding the events charged in the First Superseding Indictment.

From in or about 2009, and continuing until April 20, 2017, in the Western Judicial District of Virginia and elsewhere, COLEMAN knowingly and intentionally distributed and possessed with intent to distribute more than 500 grams of cocaine hydrochloride, a Schedule II controlled substance. Further, on April 20, 2017, in the Western Judicial District of Virginia, Jermel Anthony COLEMAN knowingly and intentionally possessed with the intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance.

On the evening of April 19, 2017, Officers Leitch ("Leitch") and Levy ("Levy) of the Albemarle County Police were on traffic patrol in a marked police patrol vehicle. Leitch observed a black sedan in the "authorized vehicles only" lane making an illegal turn between the north and south bound lanes of traffic on the 250 bypass. Leitch then signaled with the patrol vehicle's lights for the sedan to pull over, which it did shortly thereafter. Levy approached the vehicle from the passenger's side while Leitch called in the traffic stop over the police radio.

Levy identified the driver and sole occupant of the vehicle as COLEMAN. Leitch then approached the vehicle from the driver's side, and both Officers smelled a strong odor of marijuana. The Officers returned to the patrol vehicle, at which point Leitch observed COLEMAN moving around in the sedan, and re-approached it from the driver's side to address potential officer safety issues. Leitch then informed COLEMAN that the issue at hand was now the smell of marijuana coming from the car, and COLEMAN insisted that Leitch did not smell marijuana, but instead several air fresheners hanging throughout the vehicle. Leitch asked COLEMAN to exit the sedan and indicated he would be conducting a search.

*Defendant's Initials:* J.C.

Page 1 of 3

While COLEMAN was exiting, Leitch asked him if he was carrying any weapons, to which COLEMAN responded in the negative. Leitch instructed COLEMAN to stand near Levy while Leitch conducted a search of the sedan. Leitch then heard Levy order for COLEMAN to stop, and looked up to see COLEMAN fleeing the scene on foot, with Levy in pursuit. After a few dozen yards, COLEMAN stopped and laid down on the ground, at which point the Officers handcuffed COLEMAN and placed him in custody. Immediately following this arrest, Levy searched COLEMAN and found over $2,000 in cash, cigars, stamps, and a cell phone. Leitch then read COLEMAN his *Miranda* rights, to which COLEMAN responded that he knew his rights. The Officers then placed COLEMAN in the back of the patrol vehicle.

Leitch proceeded with the search of the vehicle, whereupon he discovered cocaine, three grams of marijuana, and approximately $29,500 in cash

A Certificate of Analysis from the Virginia Forensic Laboratory dated May 5, 2017 confirmed the seized substance to be 448.37 grams of cocaine hydrochloride.

In addition to the above, from in or around 2009 and continuing until April 20, 2017, COLEMAN was responsible for the distribution of over 500 grams, but less than two kilograms, of cocaine hydrochloride. COLEMAN sold cocaine hydrochloride to multiple individuals in the Western Judicial District of Virginia. These individuals, in turn, redistributed the narcotics. Together with these other individuals, COLEMAN specifically targeted the Charlottesville area as a market for the distribution and re-distribution of cocaine hydrochloride

## Conclusion

The parties stipulate that the above facts are true and correct, and that had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt. The facts described above demonstrate that from in or about 2009 through April 20, 2017, Jermel Anthony COLEMAN distributed and possessed with the intent to distribute between 500 grams and two kilograms of cocaine hydrochloride. Further, the facts described above demonstrate that on April 19, 2017, Jermel Anthony COLEMAN did knowingly and intentionally possess with the intent to distribute 448.37 grams of cocaine hydrochloride.

The actions taken by Jermel Anthony COLEMAN, as described above were taken willfully, knowingly, and with the specific intent to violate the law. COLEMAN did not take those actions by accident, mistake, or with the belief that they did not violate the law. COLEMAN acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea.

Respectfully submitted,

*Defendant's Initials:* J.C.

*signature*
Ronald M. Huber, VA Bar No. 31135
Rachel Swartz, NY Bar No. 4667044
Assistant United States Attorneys

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*signature*
Jermel Anthony Coleman, Defendant

I am Jermel Anthony Coleman's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*signature*
Jack McMahon, Esq.
Counsel for Defendant

*Defendant's Initials:* J.C.