CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/08/2019
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 3:17cr00008 |
| v. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| JERMEL ANTHONY COLEMAN, | ) | |
| Defendant. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

  This case was referred to the undersigned Magistrate Judge for the purpose of conducting a felony guilty plea hearing. This Report and Recommendation is submitted to the presiding District Judge under 28 U.S.C. § 636(b)(3). The Defendant waived his right to plead before a United States District Judge and consented to proceed before the undersigned Magistrate Judge.

  On March 8, 2019, the defendant appeared with counsel before the Magistrate Judge, who personally addressed the Defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure.[1] Discussing the District Judge's role of determining a sentence, the Court explained to the Defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the District Judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the Defendant receives may be different than any estimate given by his attorney. The Court also admonished the Defendant that because this plea agreement is under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, if the District Judge accepts the plea agreement, the agreed disposition of a prison sentence of between 84 and 120 months will be included in the judgment.

---

[1] The Plea Agreement notes that, pursuant to the First Step Act and separate and apart from the agreement, the Government will move to dismiss the notice of enhancement punishment under 21 U.S.C. § 851, ECF No. 20, that it previously filed. At the plea hearing, the government filed a written motion to withdraw the notice of enhanced punishment. ECF No. 115.

If, however, the District Judge rejects the plea agreement, the District Judge will give the Defendant an opportunity to withdraw his plea of guilty, and if the Defendant chooses not to withdraw his plea of guilty, the District Judge is not bound by the plea agreement and may impose a sentence that is more severe than that called for in the plea agreement. The Defendant stated that he understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and the Defendant and his counsel agreed that those in fact were the terms of the agreement. The Defendant further stated that he had read the plea agreement and understood it. Accordingly, the undersigned finds that the Defendant understands the charges to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).[2]

The Court also addressed the Defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds the Defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The Government presented a statement of facts, which has been filed with the Court, regarding the offenses to which the Defendant pleaded guilty. The Defendant testified that he read the statement of facts and discussed it with his attorney. He agreed that the statement of facts was accurate and did not contest those facts. No additional facts beyond those contained in the written statement of facts were presented at the guilty plea hearing. The statement of facts presents the following:

---

[2] During the plea hearing, counsel for the defendant made an oral motion to withdraw the pending motions to suppress, ECF Nos. 51, 52, and motion for release of information from his supervised release file, ECF No. 70. ECF No. 116. The undersigned magistrate judge granted defendant's oral motion. ECF No. 17. Furthermore, the defendant acknowledged that he was abandoning these three motions.

On April 19, 2017, police officers in Albemarle County stopped a vehicle the Defendant was driving. Officers searched the Defendant and found cigars, stamps, a cell phone, and over $2000 in cash. Search of the vehicle revealed a small amount of marijuana, $29,500 in cash, and an amount of cocaine. A forensic lab test confirmed that the substance was 448.37 grams of cocaine hydrochloride. Additionally, from 2009 until April 20, 2017, the Defendant distributed cocaine to others in the Charlottesville area who then further distributed the cocaine. The Defendant is responsible for the distribution of between 500 grams and two kilograms of cocaine hydrochloride.

The undersigned finds that these facts provide a sufficient basis for the Defendant's guilty plea to the charges of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine hydrochloride and possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride. Fed. R. Crim. P. 11(b)(3).

The Defendant pleaded guilty to a lesser included offense of Count One of the Superseding Indictment, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and Count Two of the Superseding Indictment, possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).[3]

The magistrate judge finds the following:

---

[3] During the plea hearing, the parties clarified that under Count Two the Defendant was pleading guilty to possession with intent to distribute, but not to distribution.

1. The Defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned District Judge and after the Defendant consulted with an attorney and executed oral and written waivers;

2. The Defendant fully understands the nature of the charges and relevant penalties;

3. The Defendant fully understands the terms of the plea agreement;

4. The Defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The Defendant's guilty plea was freely and voluntarily tendered;

6. The Defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the Defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the Defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned does not find that clear and convincing evidence shows that the Defendant is not likely to flee or pose a danger to the community if released:

The Defendant has been held in pretrial detention and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and

Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Norman K. Moon, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: March 8, 2019

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge