CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

05/07/2020

JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERMEL ANTHONY COLEMAN,<br><br>*Defendant.* | CASE NO. 3:17-cr-00008<br><br>ORDER & OPINION<br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendant Jermel Anthony Coleman's *pro se* motion to reduce sentence pursuant to the First Step Act of 2018. Dkt. 143. The Government opposes the motion, asserting that Defendant did not exhaust administrative remedies under 18 U.S.C. § 3582(c) prior to bringing this motion seeking compassionate relief. Dkt. 144. Defendant admits that he has not satisfied § 3582(c)'s exhaustion requirement, but states that the Court should either waive the requirement or deem it satisfied because of the exceptional circumstances created by the COVID-19 pandemic. Dkt. 146 at 1–2.

Under section 3582(c), which was modified by the First Step Act of 2018, a court may grant compassionate relief to a defendant it previously sentenced upon a showing that "extraordinary and compelling reasons" counsel in favor of the defendant's early release from custody. Pub. Law 115-391. However, prior to filing such a motion, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). This requirement to fully exhaust the BOP's appeals process is only excused upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*; *United States v. Nance*, No. 7:92-cr-00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (Jones, J.).

1

Defendant has not satisfied these exhaustion requirements prior to filing the present motion, and thus this Court does not have the statutory authority to grant Defendant the relief he seeks. Nor can this Court excuse, waive, or deem satisfied this requirement because of the circumstances presented by COVID-19 pandemic, as this Court previously analyzed. *United States v. Mattingley*, 6:15-cr-00005, Dkt. 138 (W.D. Va. April 1, 2020) (denying defendant's second motion for compassionate release); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Mattingley*, No. 6:15-cr-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020) (denying defendant's first motion for compassionate release). As this Court has previously concluded, federal courts may not create exceptions to statutorily mandated exhaustion requirements unless Congress indicated its desire for courts to do so, which it clearly did not do with respect to section 3582(c). *Mattingley*, 6:15-cr-00005, Dkt. 138 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). And while a court may nevertheless forego requiring exhaustion when it would be futile for defendant to undertake such administrative procedures, that is not the case here. *See id.*; *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Defendant's predicament may very well be serious and urgent, but this does not mean that it would be futile for Defendant to first request relief from the BOP as section 3582(c) mandates. *See Mattingley*, 6:15-cr-00005, Dkt. 138 at 6–7.

For the foregoing reasons, Defendant's motion is hereby **DENIED** without prejudice to his ability to move again for compassionate release after exhausting his administrative remedies.

It is so **ORDERED**.

Entered this  7th  day of May, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE