# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3-17-cr-8 |
| v. | MEMORANDUM OPINION |
| JERMEL ANTHONY COLEMAN, *Defendant.* | JUDGE NORMAN K. MOON |

    This matter is before the Court on Defendant's *pro se* motion for reconsideration of the Court's two previous denials for compassionate release. Dkt. 167. Defendant asserts that new facts not present at the time of his previous motions for compassionate release include (1) lengthy time served on the sentence, (2) "the constant stop and go [d]elay in the [Residential Drug Abuse Program] at [his Federal Correctional Institution] due to [c]onstant Covid 19 outbreaks," (3) his mother's recent death, and (4) two added medical conditions. *Id.* at 1. Defendant asserts that these facts, combined with continuous Covid-19 outbreaks at his Federal Correctional Institution, "qualify as extraordinary and compelling reasons" for his immediate release on the condition of home confinement or a sentence reduction. *Id.* Even if Defendant meets his burden to demonstrate extraordinary and compelling reasons, as needed for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), the sentencing factors in 18 U.S.C. § 3553(a) weigh against immediate release or a sentence reduction. The Court will thus deny his motion.

**I.**     **Background**

On August 19, 2019, the Court sentenced Defendant to 102 months' incarceration for conspiracy to distribute cocaine and cocaine base and possession with intent to distribute cocaine. Dkt. 149-3. Defendant is currently incarcerated at Federal Correctional Institution Schuylkill ("FCI Schuylkill"). According to the BOP website, his projected release date is September 10, 2023.

## II. Analysis

### A. Defendant's Proffered Reasons for Early Release

Defendant argues that extraordinary and compelling reasons for early release are presented by the combination of (1) the lengthy time he served on the sentence, (2) "the constant stop and go [d]elay in the [Residential Drug Abuse Program ("RDAP")] at F.C.I. Sc[h]uykill due to [c]onstant Covid 19 outbreaks," (3) his mother's recent death, and (4) his medical conditions. Dkt. 167 at 1. He "has now served more than 60% of his projected and total sentence." *Id.* at 2. His most recent compassionate release motion alleges that, in addition to his previously addressed chronic uveitis, history of hypertension, and 2020 bout with viral pneumonia, Dkts. 155, 166, he now has the added medical conditions of advanced cataract and pre-diabetes. Dkt. 167 at 2. He also asserts that the upcoming "Equal Act" bill, which "would change [his] sentence dramatically due to his cocaine and crack cocaine convictions," supports compassionate release. *Id.*

### B. Statutory Requirements

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting

"the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

The "threshold requirement" in § 3582(c)(1)(A) that a defendant exhaust administrative remedies is a "non-jurisdictional claim-processing rule," which "may be waived or forfeited" by the Government. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). The Court has previously agreed with the parties that Defendant adequately exhausted his administrative remedies, as mandated under § 3582(c)(1)(A). Dkt. 155 at 4; *see also* Dkt. 167, Ex. A.[1]

---

[1] On November 15, 2022, the Court ordered "that Defendant provides notice to the Court regarding exhaustion of administrative remedies pursuant to 18 U.S.C. 3582(c)(1)(A) for new assertions underlying Defendants most recent compassionate release motion, Dkt. 167. Once

### C. **Defendant's Eligibility for Early Release**

Defendant suffers from several health issues. He put forward evidence indicating he suffers from chronic uveitis, ongoing symptoms from an April 2020 bout of pneumonia, hypertension, advanced cataract, and pre-diabetes. Dkt 149 at 2, 4; Dt. 167 at 1. Advanced cataract and pre-diabetes are new medical conditions for Defendant. *Id.* He currently has sight in only one eye. *Id.* at 5. And of his "pre-diabetic status," "[h]ealth care staff [at FCI Schuykill] claim to be monitoring the situation." *Id.*

The compassionate release statute is understood to grant broad discretion to district courts in deciding what constitutes extraordinary and compelling circumstances warranting early release. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (glossing statute as empowering courts "to consider *any* extraordinary and compelling reason for release that a defendant might raise") (emphasis original). With respect to the unique medical risks presented by the COVID-19 pandemic, a defendant must show that both (1) the risk of contracting the virus in prison is greater than it would be outside and (2) the inmate's preexisting medical condition increases his risk of experiencing serious or fatal complications should he become infected. *High*, 997 F.3d at 186.[2]

---

Defendant provides such notice, the Government shall have seven (7) days to file any response in opposition to Defendant's motion, and Defendant shall have seven (7) days to file any reply." Dkt. 168. No filings have been submitted, and even if they had, they would not change the Court's holding.

[2] Defendant did not make clear whether he had been offered a COVID-19 vaccine and, if so, whether he has accepted or refused the vaccine; and if accepted, how many doses he has received. On November 15, 2022, the Court ordered the parties to supplement Defendant's motion, Dkt. 167, with this information. Dkt. 168. He has not yet done so, but even if he had, it would not change the Court's ruling.

The Sentencing Commission's policy statement from U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 can serve as further "helpful guidance." *Id.* (quoting *McCoy*, 981 F.3d at 282 n.7); *see also Hargrove*, 30 F.4th at 197. In the case of motions for compassionate release filed by the BOP, as opposed to motions (such as this one) filed by defendants, U.S.S.G. § 1B1.13 expounds "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." U.S.S.G. § 1B1.13 background (internal quotation marks omitted). For motions based on an inmate's medical condition alone, the policy statement articulates a high threshold: the defendant must be "suffering from a terminal illness," *id.* at application note (1)(A)(i), or some other serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," *id.* at application note (1)(A)(ii).

That Defendant suffers from serious health conditions could support that his circumstances fall within U.S.S.G. § 1B1.13's "extraordinary and compelling reasons." However, it is worth noting that none of his ailments fall within the Centers for Disease Control and Prevention's list of underlying medical conditions associated with higher risk for severe COVID-19.[3] Still, diabetes itself is on the list,[4] so his pre-diabetes indicates he could become more at risk over time. Further, there is good reason to think that Defendant would be safer outside of prison. The BOP website reflects that 534 inmates have recovered after having had

---

[3] *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, *https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html* (last visited Dec. 5, 2022).

[4] *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, *https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html* (last visited Dec. 5, 2022).

COVID-19 at FCI Schuylkill, though there have been no inmate deaths related to COVID-19.[5] The website also shows that Defendant's facility is currently at Level 2 Operations,[6] meaning that the medical isolation rate is between 2% and 7%, or that the facility vaccination rate is between 50% and 65%, or that the community transmission rate has been greater than or equal to 100 per 100,000 and less than 200 per 100,000 over the last 7 days.[7]

Defendant also asserts eligibility for compassionate release based on his mother's death in January 2022. Dkt. 167 at 2. Defendant was one of her caretakers, and they shared a house together at the time of his arrest. *Id.* at 6.

However, this death does not fall within U.S.S.G. 1B1.13's "extraordinary and compelling reasons." Family circumstances that fall within extraordinary and compelling reasons typically involve the defendant being the only caregiver to a minor child, minor children, a spouse, or a registered partner. U.S.S.G. § 1B1.13(C); *see also United States v. Davis*, 581 F. Supp. 3d 759, 770 (E.D. Va. 2022); *United States v. Barton*, No. 1:11CR349-1, 1:12CR255-1, 2022 WL 1157978, at *5 (M.D.N.C. Jan. 18, 2022). Courts within this circuit have recognized that the "animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver." *United States v. Isom*, No. 1:03-CR-241-1, 1:03-CR-242-1, 2022 WL

---

[5] *See COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Oct. 17, 2022).

[6] *See FCI Schuylkill*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/sch/ (last visited Dec. 5, 2022).

[7] *See COVID-19 Modified Operations Plan & Matrix*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited Dec. 5, 2022).

1093499, at *4 (M.D.N.C. Apr. 12, 2022), *appeal filed*, No. 22-6557 (4th Cir.) (quoting *United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020), *reconsideration denied*, No. 15 CR. 457, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020)) (citing also *United States v. Smith*, No. 3:15-cr-101, 2021 WL 364143, at *3 (E.D. Va. Aug. 17, 2021)). Thus, Defendant's mother's death is not an extraordinary and compelling reason for compassionate release.

Defendant also argues that he has already served sufficient time. Defendant cites cases to support his statement that "[d]istrict courts across the country have granted motions for compassionate release to inmates convicted of drug and gun offenses who have served only a small portion of their term of imprisonment." Dkt. 167 at 3. However, the cases he cites, despite considering sufficiency of time served, do not rely on it as an extraordinary and compelling reason. *See United States v. Locke*, No. CR-18-0132, 2020 WL 3101016 (W.D. Wash. June 11, 2020); *United States v. Fowler*, 445 F. Supp. 3d 452 (N.D. Cal. 2020); *United States v. Delgado*, 457 F. Supp. 3d 85 (D. Conn. 2020).

Defendant further argues for compassionate release because his release date is conditional upon Defendant's completion of the RDAP program, which has been suspended at FCI Schuylkill due to COVID-19 lockdowns. Dkt. 167 at 4. Courts within this district have previously indicated that disruption to an RDAP program due to COVID-related lockdowns does not constitute an extraordinary and compelling reason for compassionate release. *United States v. Richer*, No. 3:18-cr-00311, 2021 WL 1553827, at *4 (W.D.N.C. Apr. 20, 2021). However, this can still be considered when weighing the § 3553(a) factors.

Even if Defendant is eligible for early release, weighing the § 3553(a) factors indicates that the Court should not grant his compassionate release motion.

D. <u>Section 3553(a) Factors Do Not Support Early Release</u>

Even if extraordinary and compelling reasons support a sentence reduction, the court must still "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Defendant argues that several factors support his early release. In addition to those addressed above, he is a father to four, "has remained steadfast in his rehabilitation efforts," "has no disciplinary paper trail," and has completed programming in prison including "ACT work keys, ACE courses, now residential drug treatment, parenting, and the list continues." Dkt. 167 at 10. Further, "a release plan and home inspection have already went through to the Eastern District of New York where defendant will live with his fiancé in Brooklyn[,] New York." *Id.* And the pandemic "has made his incarceration harsher and more punitive than would otherwise have been the case" due to "onerous lockdowns and restrictions," prompting that Defendant "has spent more than 8 months total in 'solitary style quar[a]ntine lockdown.'" *Id.* at 6–7.

Solitary confinement need not be strongly weighed in favor of early release. "Th[is] conditio[n], not contemplated by the original sentencing court, undoubtedly increase[s] a prison sentence's punitive effect." *United States v. Kibble*, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring) (originally referencing "solitary confinement, ending prison programs, restricting visitation, and limiting access to nonessential care."). But "district courts within the Fourth Circuit have found that such conditions do not warrant compassionate release." *United States v. Fuentes*, No. 2: 19crl09, 2022 WL 3581392, at *7 (E.D. Va. Aug. 19, 2022). "And '[w]hile [courts] could not have foreseen a global pandemic, [they] certainly make sentencing determinations knowing how difficult incarceration can be.'" *Id.* (internal citations omitted). After all, "[c]ourts generally acknowledge that '[i]t would complicate sentencing enormously to

require that the length of every sentence vary by the conditions of confinement.'" *Id.* (internal citations omitted).

Defendant is incarcerated for conspiring to distribute cocaine and cocaine base and possession with intent to distribute. Dkt. 151 at 1. As of October 17, 2020, he had completed more than 60% of his sentence. But Defendant was a significant drug trafficker in the Western District of Virginia. He distributed narcotics and was responsible for bringing narcotics to Charlottesville, Virginia from New York. *Id.* at 10. Defendant also has a significant criminal history. His criminal history includes prior convictions for forging public records, carrying a concealed weapon, possession of marijuana, possession of a firearm after being convicted of a felony, and varied driving violations. Dkt. 132. The Court has previously recognized that "[h]is prior actions and characteristics, though non-violent in nature, demonstrate a disregard for the law and weigh against his release." Dkt. 155 at 9.

Regarding sentencing disparities, Defendant argues that the "Equal Act" bill, which "would change [his] sentence dramatically due to his cocaine and crack cocaine convictions," supports early release. Dkt. 167 at 2, 8–10. However, the bill is pending in Congress and has not been enacted in law. *See United States v. Metz*, CR No. 3:14-604, 2022 WL 4000846, at * 4 (D.S.C. Sept. 1, 2022).[8] As other courts in this circuit have expressed regarding compassionate release motions based in part on the bill, the Court recognizes that "[i]f and when the Act is passed and enacted into law in the future, the defendant may file a motion for the court to review at such time." *United States v. Bells*, CR No. 3:08-1264, 2022 WL 4182516, at *7 (D.S.C. Sept. 13, 2022).

---

[8] As of September 29, 2021, the bill has been received in the Senate, read twice, and referred to the Committee on the Judiciary. *See H.R. 1693 – Equal Act of 2021*, CONGRESS.GOV, https://www.congress.gov/bill/117th-congress/house-bill/1693/all-actions?overview=closed#tabs (last visited Dec. 5, 2021).

### E.  Conclusion

Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court finds that early release is not warranted. Accordingly, Defendant's motion, Dkt. 167, will be denied.

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this __6th__ day of December, 2022.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE